BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
IRICEL E. PAYANO (Cal. Bar No. 349141)
Assistant United States Attorney
General Crimes Section
     1100 / 1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0762 / (213) 894-3899
     Facsimile: (213) 894-2927
     E-mail:   iricel.payano@usdoj.gov
               haoxiaohan.cai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00779-FLA |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BOBBY NUNEZ, | |
| Defendant. | **CURRENT TRIAL DATE:** 11/18/25<br>**PROPOSED TRIAL DATE:** 12/16/25<br><br>**CURRENT CONF. DATE:** 11/07/25<br>**PROPOSED CONF. DATE:** 12/05/26 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Haoxiaohan Cai and Iricel E. Payano, and defendant BOBBY NUNEZ ("defendant"), both individually and by and through his counsel of record, Rebecca Harris, hereby stipulate as follows:

1. The Indictment in this case was filed on September 23, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 2, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 2, 2025.

2. On September 29, 2025, the Court set a trial date of November 18, 2025, at 8:30 a.m., and a final pretrial conference date of November 7, 2025, at 10:30 a.m.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately two to three days.

4. By this stipulation, defendant moves to continue the trial date to December 16, 2025, at 8:30 a.m., and the pretrial conference to December 5, 2025, at 10:30 a.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 641: Theft of Government Property in Excess of $1,000. The government has produced, and will continue to produce, discovery to the defense, including law enforcement reports, photographs, videos, conviction and criminal records, and other related evidence.

   b. Defense counsel's trial conflicts are attached to this stipulation as Exhibit A as provided to the government.

   c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the

case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of the date of this filing to December 16, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny

defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 30, 2025         Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney Acting Chief, Criminal Division

/s/ *Iricel E. Payano*
HAOXIAOHAN CAI
Assistant United States Attorney
IRICEL E. PAYANO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am BOBBY NUNEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up

the right to be brought to trial earlier than December 16, 2025 is an informed and voluntary one.

_/s/ Rebecca Harris_       10/30/2025
Rebecca Harris
Attorney for Defendant
BOBBY NUNEZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 16, 2025. I understand that I will be ordered to appear in Courtroom 6B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 16, 2025 at 8:30 a.m., and on December 5, 2025, at 10:30 a.m.

_/s/ Bobby Nunez_      10/30/2025
BOBBY NUNEZ
Defendant

*Local Civil Rule 5-4.3.4 Attestation: I attest that all other signatories listed concur in the filing's content and have authorized the filing.

                                        /s/ *Iricel E. Payano*
                              HAOXIAOHAN CAI
                              IRICEL E. PAYANO
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

# Exhibit A

Rebecca Harris Conflicts - October 29, 2025

- *United States v. Mitchell*, 2:25-mj-05258-DUTY, which is an assault on a federal officer case. This case is two months old. Mr. Mitchell is scheduled to be arraigned on November 7, 2025. No trial date has been set yet.

- *United States v. Flores*, 2:24-cr-00256-AB, which is a conspiracy to distribute and possess with intent to distribute fentanyl and methamphetamine case. The case is approximately one year old. Trial is set for November 18, 2025, and is expected to last five days. Three continuances have been granted. The parties have requested a fourth continuance to move the trial date to March 31, 2026.

- *United States v. Guardado*, 2:25-cr-00826-JFW, which is an illegal reentry case. This case is approximately two months old. Trial is set for December 9, 2025, and expected to last approximately two days. The parties plan to request a continuance. No prior continuances have been requested.

- *United States v. Ibarra*, 2:25-cr-00209-AH, which is a distribution of methamphetamine case. The case is four months old. Trial is set for December 9, 2025. One continuance has been granted. The parties have requested to continue the trial date to March 16, 2026, and do not plan to request any further continuances.

- *United States v. Juan Sam-Sam*, 2:25-cr-00561-FLA, which is an illegal reentry case. The case is nearly six months old. The trial date is set for December 16, 2025, and is expected to last two days. Once continuance has been previously granted. The parties plan to request an additional continuance and the trial is unlikely to proceed on the scheduled date.

- *United States v. Chairez*, 2:22-cr-213-GW, which is a single defendant DUI case. The case is just over a year old. Trial is set for January 27, 2026, and is estimated to last one to two days. Six continuances have been granted, and the parties do not anticipate they will need to request an additional continuance.

- *United States v. Evans*, 2:25-cr-00375-SVW, which is a fentanyl death case. The case is nearly six months old. The trial is set for February 3, 2026. Two continuances have been granted. The parties do not expect that they will need to request another continuance.

- *United States v. Christian Giovanni Elizalde*, 2:25-cr-00477-DSF, which is a felon in possession of a firearm case. The case is four months old. Trial is set for January 13, 2026. One continuance has been granted. The parties have requested a second continuance to move the trial date to March 24, 2026. The parties do not plan to request any further continuances.

- *United States v. Santollo*, 2:24-cr-00319-JLS, which is a felon in possession of ammunition case. The case is just over one year old. This case went to trial in August 2025 and resulted in a mistrial. The retrial date is set for May 12, 2026, and expected to last three days. The parties are preparing to proceed to trial on the scheduled date and do not expect that they will require a continuance.