CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA HARRIS (Bar No. 340964)
(E-Mail: Rebecca_Harris@fd.org)
DAVID MENNINGER (Bar No. 281460)
(E-Mail: David_Menninger@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
BOBBY NUNEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>BOBBY NUNEZ,<br><br>　　　　　Defendant. | Case No. 2:25-cr-00779-FLA<br><br>**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE [ECF 24]** |

Defendant Bobby Nunez, by and through his counsel of record Deputy Federal Public Defenders Rebecca Harris and David Menninger, hereby submits his Opposition to the Government's "Motion In Limine to Exclude Irrelevant, Prejudicial Evidence of a Third Party Arrest and to Exclude Nullification Evidence."

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: December 2, 2025　　　By　*/s/ Rebecca Harris*
　　　　　　　　　　　　　　　　　　REBECCA HARRIS
　　　　　　　　　　　　　　　　　　DAVID MENNINGER
　　　　　　　　　　　　　　　　　　Deputy Federal Public Defenders
　　　　　　　　　　　　　　　　　　Attorneys for BOBBY NUNEZ

1

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Through its motion *in limine*, the government broadly asks this Court to exclude "inflammatory and irrelevant video footage and/or testimony about the arrest of a third party to procure jury nullification based on hot-button political issues." (ECF 24 at 3). It is unclear, however, what specific videos and/or testimony the government seeks to exclude and how broadly their request extends. Although the government lodged two videos from the August 15, 2025 incident, they have not identified the specific video clips or stills that they intend to present at trial. Moreover, the government's motion indicates that they intend to further crop these videos to "focus on defendant and to exclude the arrest of third party T.M." *(Id.* at 8). But the cropped versions of these video clips have not been provided to defense counsel and risk presenting an incomplete picture to the jury.

The government alleges that on August 15, 2025, Mr. Nunez towed a government vehicle that was being used during an immigration arrest of a third party, Tatiana Martinez, and that he interacted with an Immigration and Customs Enforcement ("ICE") deportation officer and a United States Marshals Service ("USMS") deputy during that arrest. (*Id.* at 3). Still, the government seeks to exclude any video and/or testimony about Ms. Martinez's arrest, including any reference to the fact that she was being arrested for a suspected immigration offense. The government should not be allowed to have it both ways; if the government seeks to exclude evidence and argument that so much as acknowledge an immigration enforcement operation, it should not be permitted to show the jury videos of Mr. Nunez taken during this arrest.

For the reasons discussed below, the government's motion should be denied as being untimely and without merit.

//
//

2

## II. ARGUMENT

The government erroneously argues that Mr. Nunez would introduce evidence or argument regarding Ms. Martinez's arrest only to garner the jury's sympathy or encourage nullification. Not so. Instead, the backdrop against which Mr. Nunez interacted with the officers is important for other reasons. Evidence of this arrest will avoid jury confusion, as the context is necessary to explain how Mr. Nunez came into contact with the ICE and USMS officers.

Though the defense certainly agrees that there is no right to pursue jury nullification at trial, the government is incorrect that evidence about the arrest that immediately precipitated the events in question would be elicited for that purpose. Should the defense introduce evidence regarding Ms. Martinez's arrest at trial, it will be because they are relevant to Mr. Nunez's defense and/or impeaching a witness.[1]

### A.   The Government's Motion is Untimely.

As an initial matter, the government's motion is untimely and should be denied for this reason. The Court's Criminal Standing Order requires that all motions *in limine* be filed at least twenty-eight days before the Final Pretrial Conference. (ECF 20 at 9). Accordingly, the government's motion was due on November 7, 2025. The government did not file their motion until November 26, 2025—the day before Thanksgiving, and just over one week before the Final Pretrial Conference. Moreover, the government still has not identified with any reasonable clarity exactly which evidence it seeks to exclude. The Court should deny the government's motion as untimely.

//
//
//

---

[1] Mr. Nunez has a Fifth Amendment right not to disclose his defense or potential witnesses prior to trial. Absent an intention to raise one of the defenses enumerated in Rules 12.1, 12.2. or 12.3, the defense has no obligation to offer a "plausible defense" to the government at this point in the case.

### B. Mr. Nunez Does Not Intend to Introduce Evidence or Argument to Encourage Jury Nullification

The defense agrees that all evidence presented to the jury must be relevant to the elements of the offense. However, the government asserts that broad swaths of evidence have no possible relevance to any of the elements of the offense. (*See* ECF 24 at 6 ("The only purpose then, of introducing such evidence would be for nullification for an improper basis, in violation of Rule 402.")). The government is asking the Court to prejudge the probative and prejudicial value of this evidence without identifying the specific video and testimony they seek to exclude. Even so, Mr. Nunez does not intend to pursue a jury nullification defense.

### C. Evidence of Ms. Martinez's arrest is relevant to Mr. Nunez's defense.

This Court should deny the government's attempt to bar the admission of any evidence regarding Ms. Martinez's arrest.[2] Rule 401 permits the introduction of evidence "having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (emphasis added). Evidence that does not meet this definition is inadmissible. Fed. R. Evid. 402. However, Rule 401 sets a very low threshold for admissibility in framing the bar as "any tendency," rather than a specific, concrete, or direct "tendency." That is because the Court must be careful to allow the jury, and not the parties, to act as the final arbiter of fact.

Further, trial courts generally exclude evidence on a motion *in limine* "only when [the] evidence is *clearly inadmissible on all potential grounds*." *United States v. Tilotta*, 588 F. Supp. 3d 1058, 1060 (S.D. Cal. 2022) (emphasis added) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). "[T]he movant has the burden of establishing that the evidence is not admissible for any purpose. *United States v.*

---

[2] The government's lodged exhibits depict not only Ms. Martinez's immigration arrest, but also her subsequent medical care at a local hospital. The defense does not intend to introduce evidence of Ms. Martinez's specific injuries.

4

*Garza*, No. 1:22-CR-00062 JLT SKO, 2024 WL 4216952, at *3 (E.D. Cal. Sept. 17, 2024) (quoting *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023)). The government has not met this burden.

      **1.    Mr. Nunez should be allowed to challenge and contextualize the Government's use of the videos and testimony from August 15.**

The government made clear that it intends to introduce excerpts and stills from the videos of Ms. Martinez's arrest, but only those excerpts showing Mr. Nunez's interactions with the government officers. The government wants to prevent the jury from seeing any of the events that precipitated Mr. Nunez's interactions with the officers and that happened simultaneously with those interactions. While it is the government's right to present its own version of the events to the jury, their request to narrow the scope of evidence they present should not preclude Mr. Nunez from presenting a fuller account of the events. It would be highly prejudicial to bar Mr. Nunez from presenting contextual evidence necessary to counteract the overwhelmingly one-sided narrative brought forth by the government. In order to rebut the anticipated testimony and video clips, Mr. Nunez should be allowed to present evidence illustrating the context in which he interacted with the officers.

Moreover, the rule of completeness warrants the admission of these videos. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988) ("When one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under [Federal] Rules [of Evidence] 401 and 402.")

      **2.    Evidence of Ms. Martinez's arrest is relevant to bias and credibility.**

The government indicated that it plans to call Deputy U.S. Marshal Jaime Bravo and HSI Special Agent Ricardo Eldemire as witnesses to testify about Mr. Nunez's actions during Ms. Martinez's arrest. (ECF 28). The government asks the Court to

exclude not only all video evidence and testimony about Ms. Martinez's arrest, but also any mention that she was being arrested for an immigration offense. (ECF 24 at 3). Such evidence provides important context for the officers' interaction with Mr. Nunez and insight into their ability to accurately perceive Mr. Nunez's alleged actions.

If these officers will testify about the circumstances of the arrest of Ms. Martinez, video of the arrest would illustrate and potentially rebut the officers' testimony. Because the officers' testimony forms the basis of the government's case, Mr. Nunez must be allowed to undermine their credibility, including with evidence that they have a motive to lie.

Broadly excluding questioning on Ms. Martinez's arrest would restrict Mr. Nunez from asking questions of witnesses that could go to witnesses' competence, credibility, and bias. *See United States v. Biden*, No. 2:23-CR-00599-MCS-1, 2024 WL 3950676, at *7 (C.D. Cal. Aug. 27, 2024) (allowing defendant to ask witnesses about their relation to the case and the investigation and the work they conducted, but excluding argument towards selective prosecution and other topics that the defendant agreed were not appropriate for consideration by the jury). The government relies on *Biden* argue that videos of the officers arresting Ms. Martinez are excludable under Rule 402. (ECF 24 at 6). But the District Court in *Biden* did not exclude large categories of evidence on this basis.[3] Rather, the court declined to "broadly exclude[e] questioning on . . . topics that could restrict [the defendant] from asking questions of witnesses that might go to both these topics and to the witnesses' competence, credibility, and bias." *Biden*, 2024 WL 3950676, at *7.

**3.     Evidence of Ms. Martinez's arrest is relevant to intent.**

The government points out that they must prove that Mr. Nunez "stole property of value *with the intention of depriving the owner of the use or benefit of the property*."

---

[3] The court did not make a specific finding as to the relevance of these categories, as the defendant represented he would not argue certain issues and conceded that certain issues were not appropriate for consideration by the jury. *Biden*, 2024 WL 3950676, at *6–7.

(ECF 24 at 5). Though the government attempts to cast a distinction between intent and motive, the issue is whether Mr. Nunez intended to deprive the owner of property or whether he intended to do something else. Evidence of Ms. Martinez's arrest contextualizes Mr. Nunez's interactions and is probative of his state of mind. Thus, such evidence is relevant under Rule 402.

### 4. The probative value of evidence about Ms. Martinez's arrest is not substantially outweighed by its prejudicial effect.

The government further seeks to exclude video of Ms. Martinez's arrest under Rule 403, asserting that "the sensational nature of the footage will surely cause the jury to put undue emphasis on her arrest, and consume court time, and unfairly prejudice the government." (ECF 24 at 7). For relevant evidence to be excluded under Rule 403, the probative value of the evidence must be "*substantially outweighed*" by a danger of unfair prejudice, confusion of the jury, and misleading the jury. F.R.E. 403 (emphasis added). The government has failed to shoulder its burden of proving that the probative value of the contested evidence is "substantially outweighed" by the dangers identified in Rule 403.

As discussed above, the probative value of this evidence is great and not substantially outweighed by any potential prejudicial effect that it may have on the jury. The jury should be allowed to consider all of the circumstances that led to the charge that Mr. Nunez is facing and the context in which the events occurred. The government should not be allowed to sanitize the evidence out of a speculative concern that jurors will be misled. Thus, Rule 403 does not bar admission of this evidence.

### 5. The government has not shown any hearsay problem

Though the government intends to introduce some unspecified video clips that depict Mr. Nunez's statements, they seek to exclude any of his other recorded statements as hearsay. (ECF 24 at 8). Given that the government has not identified which exact statements it seeks to bar, the defense cannot meaningfully respond to this assertion. Moreover, it bears repeating that an out-of-court statement by Mr. Nunez (or

7

anyone else) only violates the rule against hearsay if that statement is offered for its truth. To the extent that any hearsay concern remains, such concerns can be addressed by muting that the video.

### III. CONCLUSION

For the foregoing reasons, Mr. Nunez respectfully requests that the Court deny the government's motion *in limine*.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 2, 2025         By  */s/ Rebecca Harris*
REBECCA HARRIS
DAVID MENNINGER
Deputy Federal Public Defenders
Attorneys for BOBBY NUNEZ