CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA HARRIS (Bar No. 340964)
Rebecca_Harris@fd.org
DAVID MENNINGER (Bar No. 281460)
David_Menninger@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1891
Facsimile: (213) 894-0081

Attorneys for Defendant
BOBBY NUNEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 25-779-FLA |
| Plaintiff, | **DEFENDANT'S *EX PARTE* APPLICATION TO FILE DOCUMENTS *IN CAMERA*; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| BOBBY NUNEZ, | |
| Defendant. | |

Defendant Bobby Nunez, by and through his counsel of record Deputy Federal Public Defenders David Menninger and Rebecca Harris, hereby applies *ex parte* to this Court for an order that his concurrently lodged response to government's "Notice of Request for Appointment of Standby Counsel for Potential Defense Witness" be filed *in camera*. The government objects to this request. Should the Court deny the instant *ex parte* application to file *in camera*, Mr. Nunez requests that this Court return the submitted documents to defense counsel.

///

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | CUAUHTEMOC ORTEGA |
| | | Federal Public Defender |
| DATED: December 9, 2025 | By | */s/ David Menninger* |
| | | DAVID MENNINGER |
| | | REBECCA HARRIS |
| | | Deputy Federal Public Defenders |
| | | Attorneys for BOBBY NUNEZ |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has filed a request that this Court appoint standby counsel for an individual that the government believes the defense may call as a witness. (Dkt. 45.) Mr. Nunez seeks to file a response to that request, and he asks this Court to allow him to file that response *in camera* because the response his confidential investigation, attorney work product, and defense strategy.

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). The Central District Local Rules provides that a party may request that documents be filed *in camera*. C.D. Cal. Local Civil Rule 79-6.1; *see also* C.D. Cal. Local Crim. Rule 57-1 (making Local Civil Rules generally applicable in criminal proceedings). The Ninth Circuit has approved of filing items *ex parte*, under seal, and *in camera* where a party has "no obligation to disclose them." *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) (quotation omitted); *see also United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing *in camera* offers of proof made below).

The need for *in camera* review of a criminal defendant's filings containing privileged information is critical to protecting a defendant's Sixth Amendment trial rights. As the Ninth Circuit has explained in this context, "[s]trategy. . .is a broad term that includes, but is not limited to, such things as decisions about the scope and nature of the investigation, about what witnesses to call (and in what order), about what questions to ask (and in what order), about what lines of defense to anticipate in presenting the case in chief, and about what to save for possible rebuttal." *United States v. Danielson*, 325 F.3d 1054, 1074 (9th Cir. 2003). The law endorses a defendant's right to protect his theory of defense in his communications with the Court. In *United States v. Hicks*, 103 F.3d 837, 842 (9th Cir. 1996), for example, the district court was held to have erroneously required parties to exchange witness lists and

1

tentative summaries of testimony in advance of trial. Other cases likewise endorse *in camera* filings to protect a defendant's trial strategy. *See United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of *in camera* memoranda to prevent disclosure of defense theory); *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) (court should allow defendant's *in camera* offer of proof "where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved"); *United States v. Poindexter,* 727 F. Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the ex parte nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to which he may be entitled."); *United States v. Beckford*, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) ("*ex parte* process is proper because the defendants' various *Nixon* disclosures implicate the rights of defendants not to disclose their trial strategy and to maintain the privacy of their confidential records."); *United States v. McVeigh*, 954 F. Supp. 1441, 1444–45 (D. Colo. 1997) (approving the *ex parte* filing of supporting documents for a defense discovery request, where the documents disclosed portions of the defense strategy). In short, the practice of *in camera* filings to protect defense strategy is rooted in fundamental principles of due process and the Sixth Amendment, and has long been upheld.

      Because Mr. Nunez's response to the government's request for appointment of counsel reveals defense strategy and attorney work product, Mr. Nunez asks the Court to file his response *in camera*. However, should the Court disagree and deny the request to file *in camera*, Mr. Nunez respectfully requests that the Court return the response to defense counsel, rather than disclosing them.

///

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | CUAUHTEMOC ORTEGA<br>Federal Public Defender |
| DATED: December 9, 2025 | By  /s/ David Menninger<br>DAVID MENNINGER<br>REBECCA HARRIS<br>Deputy Federal Public Defender<br>Attorney for BOBBY NUNEZ |

3